## William A. Nelson v. Oliver M. Hyde.

A petition for the dissolution of an attachment, which does not describe the property, and only states that by virtue of the writ "property to the value of more than $3,000 was attached, and is now in possession of the Sheriff," does not confer jurisdiction upon the Circuit Court Commissioner, and he should dismiss it.

*Heard October 17th. Decided October 28th.*

Certiorari to a Circuit Court Commissioner for the county of Wayne.

On the tenth day of June 1862, William A. Nelson presented to the Commissioner a petition, duly verified, of which the following is a copy:

"*Circuit Court for the County of Wayne.— William A. Nelson ads. Oliver M. Hyde.*

To Ervin Palmer, Esq., Circuit Court Commissioner, Wayne county, Michigan:

The petition of William A. Nelson, defendant in the above cause, respectfully shows that the plaintiff, on the second day of June instant, filed his affidavit in said Court, under the statute in such case made and provided, in which affidavit it was stated, among other things, that the defendant, your petitioner, was indebted to him in the sum of $1,350, and that the defendant had removed or was about

10 MICH.—H2.

NELSON v. HYDE.

to remove his property out of this State, with intent to defraud his creditors; that thereupon there issued in due form the writ of attachment against your petitioner's property, which writ was served upon your petitioner, and by virtue of said writ his property to the value of more than $3,000 was attached, and is now in possession of the sheriff of said county of Wayne.

Your petitioner further shows, that, to the best of his knowledge and belief, he was not, and is not, indebted to the said plaintiff, in the sum stated in the affidavit referred to, or in any sum whatever. That your petitioner is a citizen and householder in the city of Detroit, in said county of Wayne, and had not, and has not, any intention of removing his property out of this State, as alleged in the plaintiff's affidavit.

Wherefore your petitioner prays that said attachment may be dissolved, and that a citation may be issued to the plaintiff in attachment, according to the statute.

WM. A. NELSON."

A citation was issued upon this petition, the parties appeared and produced proofs before the Commissioner, who made an order denying the application to dissolve the attachment, and rendered judgment against Nelson for costs.

*T. Romeyn* for plaintiff in error.

*C. P. Crosby,* for defendant in error, to show the insufficiency of the petition to confer jurisdiction upon the Commissioner, referred to *Chandler v. Nash,* 5 *Mich.* 409, and *Osborne v. Robbins, ante,* 277.

MARTIN CH. J.:

Under the rule laid down in *Osborne v. Robbins*—to which we adhere—the petition in this case is defective in not sufficiently describing the property which had been attached. In other respects we hold the petition to be sufficient. As this question of the sufficiency of the description

goes to the jurisdiction, we hold that the application should have been dismissed. An order denying the motion to dissolve the attachment should have been granted for want of jurisdiction; and the subsequent proceedings of the Commissioner are therefore void, as he had no right to hear the case upon its merits. The proceedings are therefore quashed, with costs to neither party.

MANNING and CAMPBELL JJ. concurred.

CHRISTIANCY J. did not sit in this case.